UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY,
and GEICO CASULTY CO.,

       Plaintiffs,

v.                                    Case No. 8:20-cv-2419-VMC-CPT

AFO IMAGING, INC. d/b/a
ADVANCED DIAGNOSTIC GROUP,
RADIOLOGY IMAGING
SPECIALISTS, LLC d/b/a
CAREFIRST IMAGING, KEVIN
JOHNSON, CHINTAN DESAI,
ROBERT D. MARTINEZ, and
STANLEY ZIMMELMAN,

       Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of
Defendants Radiology Imaging Specialists, LLC d/b/a CareFirst
Imaging and Dr. Chintan Desai's (collectively, the "CareFirst
Defendants") Motion to Dismiss (Doc. # 38), filed on January
11, 2021. Plaintiffs Government Employees Insurance Co.,
Geico Indemnity Co., Geico General Insurance Company, and
GEICO Casualty Co. responded on January 24, 2021. (Doc. #
47). For the reasons set forth below, the Motion denied.

I.   **Background**

Both the Court and the parties are familiar with the facts underlying this case. Therefore, the Court need not reiterate them in detail. Plaintiffs are motor vehicle insurers that have reimbursed the CareFirst Defendants for certain personal injury protection insurance ("PIP insurance") covered radiology procedures. (Doc. # 1 at ¶¶ 1, 9). Dr. Desai is a physician and the owner of CareFirst, a company that operates two medical diagnostic facilities in Ocala and Leesburg, Florida. (Id. at ¶¶ 3, 11, 15).

Plaintiffs posit that the CareFirst Defendants entered into two related fraudulent schemes. First, Defendants allegedly submitted or caused to be submitted thousands of PIP insurance charges for medically unnecessary, falsified radiology services – namely for magnetic resonance imaging ("MRIs"). (Id. at ¶¶ 1, 7). Second, the CareFirst diagnostic centers allegedly operated in violation of Florida law because the clinics neither qualified for licensure, nor did they have a legitimate medical director. (Id. at ¶ 138).

Plaintiffs filed this suit on October 16, 2020. (Doc. # 1). The complaint includes the following relevant causes of action: declaratory judgment against CareFirst (Count I), violations of Section 1962(c) of the Racketeer Influenced and

Corrupt Organizations Act ("RICO") against Dr. Desai (Count IX), violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against the CareFirst Defendants (Count X), violations of the Florida RICO counterpart against Dr. Desai (Count XI), common law fraud against the CareFirst Defendants (Count XII), and unjust enrichment against the CareFirst Defendants (Count XIII). (Doc. # 1).

On January 4, 2021, Dr. Desai and the other defendants in this case, AFO Imaging, Inc. d/b/a Advanced Diagnostic Group, Kevin Johnson, Dr. Robert D. Martinez, and Dr. Stanley Zimmelman (collectively, the "Advanced Diagnostic Defendants"), filed a motion to dismiss the complaint. (Doc. # 36). On February 25, 2021, the Court denied the Advanced Diagnostic Defendants' motion. (Doc. # 50). On January 11, 2021 – one week after the initial motion to dismiss was filed – the CareFirst Defendants filed the instant Motion. (Doc. # 38). Plaintiffs have responded (Doc. # 47), and the Motion is now ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

3

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further,
the Court favors the plaintiff with all reasonable inferences
from the allegations in the complaint. Stephens v. Dep't of
Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).
But,

> [w]hile a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(quotations and citations omitted). Courts are not "bound to
accept as true a legal conclusion couched as a factual
allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The
Court must limit its consideration to "well-pleaded factual
allegations, documents central to or referenced in the
complaint, and matters judicially noticed." La Grasta v.
First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

The Federal Rules of Civil Procedure accord a heightened
pleading standard to claims for fraud, requiring that they be
pled with particularity. Fed. R. Civ. P. 9(b). Under Rule
9(b), the "plaintiff must allege: (1) the precise statements,
documents, or misrepresentations made; (2) the time, place,

4

and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

This "requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." <u>W. Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.</u>, 287 F. App'x 81, 86 (11th Cir. 2008) (quoting <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)).

## III. **Analysis**

The CareFirst Defendants move to dismiss the claims against them, arguing that (1) the applicable statutes of limitations have expired, (2) Plaintiffs failed to follow certain statutory pre-suit requirements, (3) the Court should decline jurisdiction under the primary jurisdiction doctrine, (4) the Court should dismiss or stay the case under various abstention doctrines, (5) Plaintiffs' RICO claims are reverse preempted by the McCarran-Ferguson Act, and (6) the complaint fails to plead fraud with specificity. (Doc. # 38).

At the outset of their response to the instant Motion, Plaintiffs note that this is the second motion to dismiss filed on Dr. Desai's behalf, improperly allowing him two motions to dismiss. (Doc. # 47 at 1). The Court will first address this issue, followed by CareFirst's arguments for dismissal.

### A. Improper Successive Motion to Dismiss

Under Federal Rule of Civil Procedure 12(g) "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). There are two exceptions to this rule. First, "a party may raise the defenses of 'failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim' in a pleading under Rule 7(a), by motion under Rule 12(c), or at trial." Connectus LLC v. Ampush Media, Inc., No. 8:15-cv-2778-VMC-JSS, 2017 WL 1155448, at *5 (M.D. Fla. Mar. 28, 2017) (quoting Fed. R. Civ. P. 12(h)(2)). Second, "subject-matter jurisdiction may be attacked at any time." Id. (citing Fed. R. Civ. P. 12(h)(3)).

Here, Dr. Desai previously filed a motion to dismiss under Rule 12 in this case, arguing that the complaint was an

impermissible shotgun pleading, and that certain counts were not plausibly or particularly alleged. (Doc. # 36). The instant Motion to Dismiss does not fall within any of the exceptions identified in Rule 12(g), as Dr. Desai does not challenge this Court's subject-matter jurisdiction,[1] the Motion is not one for judgment on the pleadings, and the case has not gone to trial. See Conradis v. Geiger, No. 6:18-cv-1486-TBS, 2019 WL 448311, at *3 (M.D. Fla. Feb. 5, 2019) ("The exceptions in Rule 12(h)(2) and (3) do not apply to permit Geiger to file successive motions to dismiss. He has not challenged the Court's subject-matter jurisdiction, he has

---

1. None of Dr. Desai's abstention arguments challenge subject-matter jurisdiction. To the contrary, when a court abstains, the Court *has* subject-matter jurisdiction, but declines to exercise it for prudential reasons. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("This Court's precedent makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction."); see also Sierra v. City of Hallandale Beach, 904 F.3d 1343, 1350 (11th Cir. 2018) ("Unlike when a court lacks subject-matter jurisdiction, the primary-jurisdiction doctrine applies when a court maintains jurisdiction over a matter but nonetheless abstains for prudential reasons."); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (explaining that the district court's remand order based on Burford abstention was "not based on lack of subject matter jurisdiction"); Reiseck v. Universal Commc'ns of Mia., Inc., 141 F. Supp. 3d 1295, 1304 (S.D. Fla. 2015) ("Colorado River abstention provides an exception by which 'a District Court may decline to exercise or postpone the exercise of its jurisdiction[.]'" (citation omitted)); Wilton v. Seven Falls Co., 515 U.S. 277, 279 (1995) (noting that Brillhart abstention is discretionary).

not filed a pleading or motion for judgment on the pleadings, and the case has not gone to trial." (citation omitted)).

Additionally, Dr. Desai cannot file a second motion to dismiss simply by virtue of having different attorneys address the claims related to the CareFirst clinics. See McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 WL 8809246, at *2 (S.D. Fla. Sept. 30, 2016) ("Judge Hunt is correct that there is no provision in the Federal Rules of Civil Procedure that would permit parties to file multiple motions to dismiss, even if said parties have obtained new counsel."). And, because the pleadings have not yet closed,[2] the Court cannot construe the Motion as one for judgment on the pleadings under Rule 12(c). See E. Coast Test Prep LLC v. Allnurses.com, Inc., No. 15-3705 (JRT/JSM), 2016 WL 5109137, at *2-3 (D. Minn. Sept. 19, 2016) ("But a motion for judgment on the pleadings is only available '[a]fter the pleadings are closed.' Here the pleadings have not yet closed, so the first exception does not apply." (quoting Fed. R. Civ. P. 12(c))).

Accordingly, the Motion is denied as to the claims against Dr. Desai. See Id. ("The Court also notes that even

---

2. Although Dr. Desai has filed an answer as to the allegations against him related to the Advanced Diagnostic scheme, he does not appear to have filed a proper answer regarding his role in the CareFirst scheme. (Doc. # 51).

though adherence to Rule 12's formalities may appear to be nothing more than annoyance here, the Court must still follow the rule's dictates. A district court errs if it considers an improper successive Rule 12 motion, and it is also error for a district court to construe a successive and improper Rule 12 motion as a motion for judgment on the pleadings if the pleadings have not yet closed."); see also Norfolk S. Ry. Co. v. Boatright R.R. Prods., Inc., No. 2:17-cv-01787-AKK, 2019 WL 4455995, at *1-2 (N.D. Ala. May 23, 2019) (denying a successive motion to dismiss in a civil RICO case).

### B. CareFirst's Motion

Because the Court has denied the Motion as to Dr. Desai as an improper successive motion to dismiss, it addresses only the claims against CareFirst – Counts I, X, XII, and XIII.[3] (Doc. # 1). The Court will address CareFirst's arguments as to all of these counts in turn.

### 1. Statutory Pre-suit Requirements

First, CareFirst argues that the complaint should be

_____

3. Specifically, the Court does not address the Motion's argument as to statute of limitations, which discussed only the RICO claims, because Plaintiffs assert no RICO claims against CareFirst. (Doc. # 38 at 3-5; Doc. # 1). For the same reason, neither does the Court address whether Plaintiffs' federal RICO claims are reverse preempted by the McCarran-Ferguson Act. (Doc. # 38 at 14). Nor does the Court address whether Plaintiffs' RICO claims have been sufficiently pled.

dismissed for failure "to satisfy Florida's strict pre-suit requirements for challenging a medical provider's provision or omission of care." (Doc. # 38 at 5). Plaintiffs respond that these requirements only apply to medical malpractice claims, something not at issue here. (Doc. # 47 at 6-7).

As a condition precedent to filing a medical negligence suit, Florida law requires that a plaintiff follow certain pre-suit notice requirements. Fla. Stat § 766.106 (2020); Aiken v. United States, No. 8:14-cv-1921-VMC-EAJ, 2014 WL 4792006, at *2 (M.D. Fla. Sept. 22, 2014). "'Medical negligence' is defined as 'medical malpractice, whether grounded in tort or in contract.'" Solomon v. Well Care HMO, Inc., 822 So.2d 543, 545 (Fla. 4th DCA 2002) (quoting Fla. Stat. § 766.202(6)). "[T]o qualify as a medical malpractice claim, the wrongful act alleged 'must be directly related to the improper application of medical services and the use of professional judgment or skill.'" Horst v. Parker, No. 6:07-cv-612-PCF-KRS, 2007 WL 4234616, at *2 (M.D. Fla. Nov. 29, 2007) (quoting Quintanilla v. Coral Gables, Hosp., Inc., 941 So.2d 468, 469 (Fla. 3d DCA 2006)). And, "the alleged injury 'must be a direct result of receiving medical care or treatment by the healthcare provider.'" Id. (quoting Quintanilla, 941 So.2d at 469).

"The fact that a wrongful act occurs in a medical setting does not necessarily mean that it involves medical malpractice." <u>Joseph v. Univ. Behavioral LLC</u>, 71 So.3d 913, 917 (Fla. 5th DCA 2011). Importantly, because these pre-suit notice requirements "restrict plaintiffs' constitutional right of access to courts, . . . the requirements' applicability must be construed narrowly in favor of access." <u>Pierrot v. Osceola Mental Health, Inc.</u>, 106 So.3d 491, 493 (Fla. 5th DCA 2013).

Here, the crux of Plaintiffs' complaint is that the CareFirst Defendants engaged in fraud by billing for medically unnecessary MRIs and operating in violation of the Clinic Act. Although CareFirst is correct that the complaint alleges improper application of medical services, this is not a case in which Plaintiffs aver that physicians committed medical malpractice. The complaint does not seek damages for a personal injury caused by a physician in the course of medical treatment, but rather on the basis of a fraudulent billing scheme. The Court agrees with the holding in <u>Orthopedic Rehab Specialty Clinics, Inc. v. State Farm Mutual Automobile Insurance Company</u>, No. 3:02-cv-824-JHM-HTS, 2003 U.S. Dist. LEXIS 29312 (S.D. Fla. May 27, 2003), that cases alleging fraudulent billing for medically unnecessary MRIs

11

sent to PIP insurers are not subject to Florida's pre-suit notice requirements. Id. at *17. Accordingly, the Motion is denied as to this requested relief.

### 2. **Primary Jurisdiction Doctrine**

Next, CareFirst argues that the Court should either refer Plaintiffs' claims to the Florida Agency for Health Care Administration ("AHCA") or dismiss them under the primary jurisdiction doctrine. (Doc. # 38 at 7). Plaintiffs respond that "the Court will not have to interfere with the AHCA's determinations in order to adjudicate [Plaintiffs'] claims in this case – it will simply have to determine whether or not the CareFirst Defendants actually were operating in compliance with the Clinic Act." (Doc. # 47 at 7).

The primary jurisdiction doctrine is a common-law doctrine "concerned with protecting the administrative process from judicial interference." Boyes v. Shell Oil Prods. Co., 199 F.3d 1260, 1265 (11th Cir. 2000). The doctrine "allows courts to refer issues or cases to an administrative agency when a claim involves issues which, 'under a regulatory scheme, have been placed within the specific competence of an administrative body.'" LSSi Data Corp. v. Comcast Phone, LLC, No. 1:11-CV-1246-CAP, 2013 WL 12244044, at *8 (N.D. Ga. Mar. 4, 2013) (quoting United States v. W. Pac. R.R. Co., 352

U.S. 59, 64 (1956)). "In deciding whether abstention under the primary-jurisdiction doctrine is appropriate, [courts] consider two factors:" (1) "the expertise of the agency deferred to," and (2) "the need for a uniform interpretation of a statute or regulation." Sierra, 904 F.3d at 1351 (internal quotation marks and citation omitted).

"[C]ourts should be reluctant to invoke the doctrine of primary jurisdiction, which often, but not always, results in added expense and delay to the litigants." Coll. Park Holdings, LLC v. RaceTrac Petroleum, Inc., 239 F. Supp. 2d 1322, 1328 (N.D. Ga. 2002) (quoting Miss. Power & Light Co. v. United Gas Pipe Line Co., 532 F.2d 412, 419 (5th Cir. 1976)). "In the context of cases involving state administrative schemes, the Burford abstention and primary jurisdiction doctrines are 'different labels for the same thing.'" Id. (quoting Boyes, 199 F.3d at 1265-66).

Here, the Court finds that it is capable of determining whether CareFirst submitted fraudulent bills without a prior agency determination. This is not something that is only within the AHCA's expertise – nor does CareFirst appear to allege as much. As to CareFirst's alleged operation in violation of the Clinic Act, the Court will be able to fashion a remedy that does not impede on the AHCA's authority to

13

license clinics. <u>See</u> <u>Haynes v. Kohl's Dep't Stores, Inc.</u>, 391 F. Supp. 3d 1128, 1139 (S.D. Fla. 2018) ("Turning to the second justification for the primary jurisdiction doctrine, it is not apparent why any need for uniformity should serve as a basis for dismissing or staying the matter. Defendant has failed to show that the need for uniformity here outweighs this Court's ability to fashion a remedy, if needed, which would apply only in this particular case.").

Accordingly, the Court declines to dismiss the case under the primary jurisdiction doctrine. <u>See</u> <u>Allstate Ins. Co. v. Total Rehab. & Med. Ctr., Inc.</u>, No. 50 2004 CA 002497 XXX MB (AA), 2012 WL 8018574, at *1 (Fla. 15th Cir. Ct. Nov. 8, 2012) (declining to dismiss a case under the primary jurisdiction doctrine, without elaboration, in a case alleging that certain medical services billed were unlawful under the Clinic Act); <u>see</u> <u>also</u> <u>Cline v. Ultimate Fitness Grp., LLC</u>, No. 6:18-cv-771-RBD-GJK, 2019 WL 4671195, at *4 (M.D. Fla. Feb. 12, 2019) (determining that application of the primary jurisdiction doctrine was unwarranted where the relevant issue in the case was within the administrative agency's purview, but determination of that issue would not entirely dispose of the case).

14

### 3. **Burford Abstention**

Next, CareFirst argues that the Court should dismiss or stay this case under the Burford abstention doctrine because Plaintiffs' claims question the AHCA and "undermine Florida's No-Fault law." (Doc. # 38 at 9). Plaintiffs respond that, like CareFirst's primary jurisdiction argument, this contention is without merit because it is predicated on the false notion that Plaintiffs' claims challenge Florida's clinic licensing regime. (Doc. # 47 at 8).

Following Burford v. Sun Oil Co., 319 U.S 315 (1943), federal courts must abstain from certain cases challenging complex state regulatory schemes. Id. at 333-34. Burford abstention "represents an extraordinary and narrow exception to a district court's duty to adjudicate a controversy properly before it." Quackenbush, 517 U.S. at 707. Where timely and adequate state court review is available, a federal court must decline to interfere in state administrative agencies proceedings: "(1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive to state efforts to establish a

coherent policy with respect to a matter of substantial public concern.'" New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) (citations omitted).

Here, the Motion relies primarily on Plaintiffs' RICO claims in arguing for Burford abstention, which are not presently at issue. Still, even considering the RICO claims, the Court declines to abstain under Burford. This case does not require the Court to second guess or disrupt Florida's PIP insurance regulatory or clinic licensing scheme. Rather, the case involves a determination of whether CareFirst fraudulently billed Plaintiffs for services that were not medically necessary, and whether CareFirst operated in violation of the Clinic Act. See Gov't Emps. Ins. Co. v. Uptown Health Care Mgmt., Inc., 945 F. Supp. 2d 284, 289 (E.D.N.Y. 2013) (declining to abstain from exercising jurisdiction under Burford in a case alleging that medical providers billed an insurer for services not lawfully rendered under New York's no-fault insurance law). Therefore, the Court declines to abstain under Burford.

### 4. Colorado River Abstention

Next, CareFirst argues that certain parallel state court proceedings demand abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976),

since "[t]his retaliatory suit intersects with sixty pending county court collection suits across the state." (Doc. # 38 at 11). CareFirst proffers that this suit and the state suits involve "the same plaintiff (CareFirst), the same defendant (GEICO), the same patients, and the same issues (entitlement to reimbursement for radiology services performed for GEICO insured)," making them "substantially similar." (Id. at 11-12). Plaintiffs respond that Colorado River abstention is inapplicable, both because the proceedings are not "parallel," and because none of the Colorado River factors favor abstention. (Doc. # 47 at 10-11).

"Colorado River addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1327 (11th Cir. 2004). "To determine whether abstention is merited under Colorado River, a court must decide as a threshold matter whether there is a parallel state action – that is, 'one involving substantially the same parties and substantially the same issues.'" Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1376 (S.D Fla. 2014) (quoting Jackson-Platts v. Gen. Elec. Cap. Corp., 727 F.3d 1127, 1140 (11th Cir. 2013)). "There is 'no clear test for

deciding whether two cases contain substantially similar parties and issues'; however, if there is 'any substantial doubt about whether two cases are parallel the court should not abstain.'" Id. (quoting Acosta v. James A. Gustino, P.A., 478 F. App'x. 620, 622 (11th Cir. 2012)).

Indeed, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River, 424 U.S. at 813. "Under this doctrine, only 'exceptional' circumstances constitute the 'extraordinary and narrow exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it.'" State Farm Mut. Auto Ins. Co. v. Physicians Grp. of Sarasota, L.L.C., 9 F. Supp. 3d 1303, 1309 (M.D. Fla. 2014) (quoting Colorado River, 424 U.S. at 813)). The district court "must find a critical reason to surrender jurisdiction, rather than a substantial justification to exercise it." Id.

Here, the Court finds that these proceedings are not parallel. The parties are not the same in the federal and state proceedings, in that CareFirst does not allege that Dr. Desai or any of the Advanced Diagnostic Defendants are named in those other proceedings. (Doc. # 38 at 11-13; Doc. # 38-3); see Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-23257-CIV, 2012 WL 1135844 (S.D. Fla. Apr. 4, 2012) ("Here,

18

the Court finds that the state court action is not truly 'parallel' because Commonwealth is not a litigant in the state court proceeding.").

And, as to the issues in this case, the state proceedings involve collection of PIP reimbursements, while this case alleges wide fraud amongst the Defendants, medically unnecessary billing, and violations of the Clinic Act. The Court is not convinced by CareFirst's arguments that the issues substantially overlap to an extent that would warrant abstention. Cf. Id. at *4 ("While this issue may be relevant to Commonwealth's obligations under the title policy, it is not substantially the same. Nor is it the only issue presented here."); see United Auto. Ins. Co. v. Fla. Wellness & Rehab. Ctr., No. 08-20348-CIV-LENARD/GARBER, 2009 WL 10667729, at *7 (S.D. Fla. Feb. 11, 2009) ("As mentioned above, it is unclear from the record before the Court whether the pending County Court actions have raised the type of Civil RICO fraud allegations presented in the Amended Complaint, and thus the Court cannot determine that the issues in the federal and state proceedings are substantially the same.").

Further, CareFirst has not sufficiently demonstrated that resolution of the state breach of contract cases would necessarily determine whether the CareFirst Defendants were

engaged in widespread fraud. Accordingly, the Motion is denied as to this requested relief. See State Farm, 9 F. Supp. 3d at 1309-10 (declining to abstain in a similar case).

### 5. Brillhart-Wilton Abstention

Next, CareFirst argues that Plaintiffs' claim for declaratory judgment should be dismissed as "grossly overbroad" under Brillhart-Wilton abstention. (Doc. # 38 at 16). Plaintiffs respond that "Brillhart-Wilton abstention is inappropriate in cases – like this one – where a plaintiff seeks both declaratory and coercive relief." (Doc. # 47 at 13 (emphasis omitted)).

The federal Declaratory Judgment Act "gives a federal court broad discretion in deciding whether to exercise jurisdiction over a case when there is a *parallel* state court case." Mega Life & Health Ins. Co. v. Tordion, 399 F. Supp. 2d 1366, 1369 (S.D. Fla. 2005) (emphasis added). Brillhart-Wilton abstention "is designed to assist district courts in balancing state and federal actions in determining whether to exercise their discretion to make a declaration of rights under the Declaratory Judgment Act." Great Lakes Ins. SE v. Dunklin, --- F. Supp. 3d ----, 2021 WL 27688, at *5 (S.D. Ala. Jan. 4, 2021) (citing Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005)).

"A federal court does not have such broad discretion, however, when a plaintiff seeks coercive relief . . . in addition to a declaration under the Declaratory Judgment Act." Mega Life, 399 F. Supp. 2d at 1369. Although circuits are split on this issue, federal district courts in Florida have found that the stricter Colorado River factors govern in such cases. See, e.g., Id. at 1370; State Farm, 9 F. Supp. 3d at 1308-09.

Here, Plaintiffs seek a judgment "declaring that . . . CareFirst [has] no right to receive payment for any pending bills submitted" to them based on its unlawful operation under the Clinic Act and the fact that the MRIs were not medically necessary. (Doc. # 1 at ¶¶ 152-55). However, the suit against CareFirst is not just one for declaratory judgment. Indeed, the declaratory judgment sought makes up just one of four counts against CareFirst. (Doc. # 1). And, the Court notes that it has already found the state and federal proceedings not sufficiently parallel, weighing against Brillhart-Wilton abstention. See Regions, 2012 WL 1135844, at *4 ("[I]f a suit is not parallel to a state court suit, then the [Brillhart-Wilton abstention doctrine] does not apply, and the court need not analyze the nine factors." (quoting Sparta Ins. Co. v. Smith, No. 2:11-cv-108-WHA-SRW, 2011 WL 2175103, at *2

(M.D. Ala. June 3, 2011)). Accordingly, the Court declines to abstain from exercising jurisdiction over this case on the basis of <u>Brillhart</u>-<u>Wilton</u> abstention.

### 6. <u>Rule 9(b)</u>

Next, CareFirst argues that the fraud alleged in the complaint "lacks the specificity required by Rule 9(b)." (Doc. # 38 at 17). Plaintiffs respond that the fraud allegations are sufficiently particular. (Doc. # 47 at 14).

As noted, under Rule 9(b), the plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." <u>American Dental</u>, 605 F.3d at 1291 (citation omitted).

Here, the complaint provides a number of examples of allegedly fraudulent bills for medically unnecessary MRIs that were submitted to Plaintiffs. (<u>Id.</u> at ¶ 79). These examples include the dates of the accidents that allegedly led to the patients' injuries, the dates of their MRIs, and who submitted the bills to Plaintiffs. (<u>Id.</u>). In other portions of the complaint, Plaintiffs also provide the specific diagnoses that were reported following Dr. Desai's

review of the MRIs. (Id. at ¶ 85). And, attached to the complaint, Plaintiffs produce a chart of over 3,100 allegedly fraudulent claims submitted to Plaintiffs from February 2015 to February 2020. (Doc. # 1-2). This chart includes the claim numbers, the dates of the accidents, the dates the bills were mailed to Plaintiffs, the billing codes, and the amounts charged in those bills. (Id.).

This, along with the aforementioned detailed examples, as well as the complaint's explanation of the alleged fraudulent scheme and what CareFirst gained through the scheme, is sufficient to provide CareFirst with sufficient notice of the fraud alleged. See Drummond Co. v. Collingsworth, No. 2:15-cv-506-RDP, 2016 WL 9980721, at *6 (N.D. Ala. Mar. 8, 2016) ("The Complaint lays out in detail the purpose and effect of the payments as to each witness, the genesis of those payments, who was responsible for facilitating and/or aware of the payments, and the specific circumstances of how each payment was made (including date of transfer, payor, payee, and means of sending the transfer). As such, contrary to Defendants' contention, Plaintiffs have [pled] their claims with Rule 9(b) particularity[.]" (citations omitted)). Accordingly, the Court declines to dismiss the complaint for this reason.

### 7. **FDUTPA**

Finally, CareFirst moves to dismiss Count X, Plaintiffs' FDUTPA claim, again alleging that the fraud has not been pled with particularity under Rule 9(b). (Doc. # 38 at 25). Because the Court has already found that the complaint adequately alleges the fraudulent bills in question, the Court declines to dismiss Count X for this reason.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The CareFirst Defendants' Motion to Dismiss (Doc. # 38) is **DENIED.**

(2)   The CareFirst Defendants' answer to the complaint is due by **March 26, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of March, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE